**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DAVID A. HICKS**                                                                                    **PLAINTIFF**

**V.**                                              **1:05CV00080 JMM**

**JO ANNE B. BARNHART,**
**Commissioner**
**Social Security Administration**                                                          **DEFENDANT**

<u>**ORDER**</u>

Plaintiff has appealed the final decision of the Commissioner of the Social Security

Administration (the "Commissioner") denying his claim for Disability Insurance Benefits

("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income

Benefits ("SSI") under Title XVI 42 U.S.C. § 416(1).    Plaintiff filed an application for DIB and

SSI and at his hearing before Lesly Mattingly, Administrative Law Judge, held July 22, 2004 he

testified that he became disabled on October 15, 2003.[1]    He alleges that his disability is caused

by back pain.  (Tr. 61, 168).   He complains of numbness in his right leg and in his arms and

hands (Tr. 61, 168) and degenerative disc disease and neck pain (Tr. 167, 169).

On August 24, 2004, the ALJ issued a decision denying Plaintiff benefits.  (Tr. 14-21).

The ALJ found that while Plaintiff's impairments were severe within the meaning of the Act,

Plaintiff did not have an impairment nor a combination of impairments listed in, or medically

equal to one in Appendix 1, Subpart P, Regulations No. 4 and No. 16 (Tr. 14-15).   The ALJ

found that Plaintiff retained the functional capacity to perform a wide range of light work

activity.  (Tr. 18).   The parties have briefed the issues.

---

[1]The Plaintiff's application for benefits dated May 31, 2003 reflects an alleged onset date
of October 15, 2002. ( Tr. 100).  However, Plaintiff testified in the hearing before the ALJ that
the onset date was October 15, 2003.  (Tr. 166).

In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In assessing the substantiality of the evidence, the Court must consider evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir. 1993).

At the time of the hearing on July 22, 2004, Plaintiff was 46 years old, stood 6' 1" tall and weighed 204. (Tr. 165). He has a 12th grade education. (Tr. 165). He previously held jobs as a truck driver, logger and sales. (Tr.167). A vocational expert, Richard Marron, testified at Plaintiff's hearing that the work Plaintiff had done in the past as a tractor-trailer truck driver was semi-skilled medium work (Tr.180). His work as a logger was classified as semi-skilled heavy work (Tr. 180-81).

The ALJ evaluated the evidence in Plaintiff's case by way of a sequential evaluation process established by the Social Security Administration.[2]  20 C.F.R. §§ 404.1520 and 416.920.

---

[2]In determining whether a claimant is entitled to disability benefits, the ALJ performs a five-step sequential analysis. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment

First, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since the alleged onset of his disability (Tr.14).  Next, the ALJ determined whether Plaintiff had a "severe" impairment.  The ALJ found that the record established that the Plaintiff has herniated nucleus pulposus, bursitis and chronic pain.  (Tr. 14).    However, the ALJ found that Plaintiff did not have an impairment nor a combination of impairments listed in, or medically equal to one list in Appendix 1, Subpart P. Regulations No. 4 and 16.  (Tr. 15).

The ALJ determined that Plaintiff retained the functional capacity to perform a wide range of light work activity.  (Tr. 18).   Thus, Plaintiff was found not to be under a "disability" as defined in the Social Security Act at any time through the date of the decision.

Plaintiff contends that the ALJ erred in assessing his credibility as it was related to his claims of disabling pain. Plaintiff testified that he had trouble sitting, standing and laying down. (Tr.168).  He complained of terrible back pain.  (Tr. 168).  Plaintiff also testified that he had terrible neck pain, extreme headaches, blurry vision and weakness in his right eye.  (Tr. 169).  At the hearing, he stated that an average day consists of getting up, watching tv, or watching the kids playing video games, reading a book or magazine and taking a nap.  (Tr. 172-73).  In his application, Plaintiff stated that he can not bathe, dress, himself without assistance, do laundry, dishes, change sheets, vacuum, sweep, take out trash, do home repairs, repair appliances, repair

---

meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the residual functional capacity to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the ALJ at the fifth step to prove that there are other jobs in the national economy that the claimant can perform. *See id.* §§ 404.1520, 416.920.

car, wash car, mow lawn, rake leaves, do garden work, shop for groceries, bank, cook meats or

vegetables, attend church or visit friends and relatives.  (Tr. 86-87).

Plaintiff complains that the ALJ erred in failing to provide specific rationale for rejecting

his testimony.  Plaintiff specifically criticizes the ALJ for disputing his credibility because he is

afraid of surgery on his back and will not allow the doctors to perform it.  The Court finds the

ALJ's opinion to be complete and well reasoned.  The ALJ recited the relevant standards for

assessing credibility and throughout his opinion, noted evidence that showed Plaintiff lacked

veracity when he made his complaints.  The ALJ noted that Plaintiff's daily living complaints

were not consistent with the medical findings.  The ALJ found that the Plaintiff's very limited

pattern of daily living appeared to be limited more on a self imposed basis than as a result of any

functional restrictions due to his impairments.  The ALJ acknowledged the Plaintiff's pain, but

found that Plaintiff's complaints were out of proportion with the medical evidence.  (Tr. 15-16).

Further, the ALJ noted that the Plaintiff had not sought out or had aggressive surgical

intervention for disabling pain, had not sought out emergency treatment or any other treatment at

the frequency expected that would be supportive of severe pain.  (Tr. 15).  The failure to seek

medical assistance for an alleged impairment contradicts subjective complaints and supports a

finding to deny benefits.  *See, Gwathney v. Chater*, 104 F. 3d 1043 (8th Cir. 1997). *See also*,

*Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)(A failure to seek aggressive treatment is

not suggestive of disabling back pain.)  The ALJ found that the objective medical evidence did

not show a condition that could reasonably be expected to produce pain of the level that Plaintiff

claims.  *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990).   In assessing the Plaintiff's

credibility, the ALJ also properly considered Plaintiff's work record which demonstrates low

4

earnings that vary significantly from year to year.  *Fredrickson v. Barnhart*, 359 F. 3d 972 (8th Cir. 2004).  The Court finds that the ALJ properly supported his findings that Plaintiff's testimony lacked credibility.

Plaintiff also complains that the ALJ failed to address whether his condition was medically equivalent or meets or exceeds the requirements for listing §1.04.  "Although it is preferable that ALJs address a specific listing, failure to do so is not reversible error if the record supports the overall conclusion, as it does in this case. *See Dunahoo v. Apfel,* 241 F.3d 1033, 1037 (8th Cir.2001) (holding a failure to explain why the claimant did not meet the listing for rheumatoid arthritis was not an error); *Briggs v. Callahan,* 139 F.3d 606, 609 (8th Cir.1998) (stating that "although the ALJ did not specifically discuss [the] condition in the context of listing 112.05(D)," the record supported the conclusion)."  *Pepper ex rel. Gardner v. Barnhart,* 342 F.3d 853, 855 (8th Cir. 2003).

To meet the requirements for a listed impairment, a claimant must show that his impairment meets *all* of the specified medical criteria. *Marciniak v. Shalala,* 49 F.3d 1350, 1353 (8th Cir. 1995).  For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is "equivalent" to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Marciniak*, 49 F. 3d at. 1353.  Plaintiff did not offer evidence that he met each of the listings requirements. Further, evidence exists which suggests that Plaintiff did not meet the requirements.  On June 19, 2003, Plaintiff was seen by Dr. Todd M. Oliver.  Dr. Oliver reviewed a recent MRI scan of Plaintiff's lumbar spine and obtained new x-rays of his right hip, AP and frog-leg lateral views.  (Tr. 112-13).  He opined that Plaintiff did have mild trochanteric bursitis

that would not cause the pain complained of or numbness going down the calf.  (Tr.  113).  Dr. Oliver noted that the films showed no pathology, no evidence of arthritis, avascular necrosis or bone tumor.  (Tr. 112).  Dr. Oliver concluded Plaintiff was having problems secondary to a herniated nucleus pulposus.  (Tr. 113).  Dr. Oliver recommended an epidural steriod injection but Plaintiff stated he would rather have a second opinion.  (Tr.  113).

The treatment records from Dr. Doug Foster support a diagnosis of degenerative disc disease.  Dr. Foster filled out a Medical Source Statement on September 19, 2003 which indicates Plaintiff's ability to do less than the sedentary exertional level.  (Tr. 114-15).  The ALJ discounted Dr. Foster's statement because he offered no explanation of how he reached his determination.  In fact, Dr. Foster indicated that he didn't know if Plaintiff suffered from pain.  (Tr.  115).   The ALJ found this physician's opinion highly inconsistent with the objective medical evidence and other evidence of record, especially to the severity alleged.  (Tr.  17). A treating physician's conclusory statement of disability, without supporting evidence, does not overcome substantial medical evidence supporting the decision.  *Loving v. Dept. of Health & Human Services*, 16 F. 3d 967, 971 (8th Cir. 1994).

Next, Plaintiff argues that the ALJ was obliged to order that Plaintiff undergo a consultative examination.  The ALJ is not required to order consultative evaluations of every alleged impairment; the Regulations simply grant the ALJ authority to do so if the existing medical sources do not contain sufficient evidence to make a determination.  *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).  There is sufficient medical evidence in the record.  The fact that the evidence does not indicate that Plaintiff has significant physical limitations is not a basis for ordering a consultative evaluation.

In Plaintiff's case, the ALJ relied in part on the opinions of the non-examining agency doctor. ( Tr.  17-18).  Dr. Alice Davidson, reviewed the medical record and on September 4, 2003 opined that Plaintiff could do light work activity.  Dr. Robert Beard reviewed the medical record and assessment by Dr. Davidson and affirmed it as written on December 5, 2003.   "An ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment."  *Charles v. Barnhart* 375 F.3d 777, 783 (8th Cir. 2004).

Plaintiff further contends that the ALJ failed to properly develop the record in this case. The Court disagrees.  The ALJ considered Plaintiff's physical limitations resulting from back pain, as well as his daily level of activity, the ALJ concluded that Plaintiff's medically determinable impairments do not prevent him from performing a wide range of light work activity. (Tr.  18).  He evaluated Plaintiff's subjective complaints in light of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found they lacked credibility.  (Tr. 15-18).  He made express credibility findings and gave reasons for discrediting the Plaintiff's testimony.  *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996).  "To require a more elaborate articulation of the ALJ's thought processes would not be reasonable."  *Gooch v. Secretary of H.H.S.,* 833 F.2d 589, 592 (6th Cir. 1987), *cert. denied*, 484 U.S. 1075 (1988).

In summary, the Court finds that there is substantial evidence in the record to support the Commissioner's denial of Disability Insurance Benefits and Supplemental Security Income Benefits to Plaintiff.  It is clear, as the ALJ pointed out, that Plaintiff suffers from an impairment which causes him pain and discomfort.  However, there is sufficient evidence in the record to support the ALJ's assessment that Plaintiff is not precluded from performing a wide range of

light work activity.

Accordingly, Plaintiff's appeal is DENIED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 2nd day of February, 2007.


James M. Moody
United States District Judge